1   Scott E. Davis
    State Bar No. 016160
2   SCOTT E. DAVIS, P.C.
    20827 N. Cave Creek Road
3   Suite 101
    Phoenix, AZ 85024
4
    Telephone:  (602) 482-4300
5   Facsimile:   (602) 569-9720
    email: davis@scottdavispc.com
6
    *Attorney for Plaintiff Leslie Roeper*
7

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF ARIZONA**

10
    Leslie Roeper,                          Case No.
11
                Plaintiff,
12                                          **COMPLAINT**
           v.
13
    Aetna Life Insurance Company, Bank of
14  America Corporation, Bank of America
    Corporation Short Term Disability Group Plan,
15
                Defendants.
16

17
           Now comes the Plaintiff Leslie Roeper (hereinafter referred to as "Plaintiff"), by and
18
    through her attorney, Scott E. Davis, and complaining against the Defendants, she states:
19
                                    *Jurisdiction*
20
           1.     Jurisdiction of the Court is based upon the Employee Retirement Income
21
    Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f).
22
    Those provisions give the district courts jurisdiction to hear civil actions brought to recover
23
    employee benefits.  In addition, this action may be brought before this Court pursuant to 28
24

25

26

                                       1

1    U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of

2    the United States.

3                                           *Parties*

4          2.      Plaintiff is a resident of Maricopa County, Arizona.

5          3.      Upon information and belief, Defendant Bank of America Corporation

6    (hereinafter referred to as the "Company") sponsored, subscribed to and administered an

7    Employee Welfare Benefit Plan within the meaning of 29 U.S.C. §1002(I) which was self

8    insured and the Short Term Disability (hereinafter referred to as "STD") benefits are paid

9    from the regular Company payroll cycle.  Upon information and belief, the name of the

10   entity is the Bank of America Corporation Short Term Disability Plan (hereinafter

11   referred to as the "STD Plan") which was created to provide the Company's employees

12   with welfare benefits.

13         Upon information and belief, the STD Plan states the STD benefits are paid through

14   the regular pay cycle, initially at 100% of the employee's pay after a period of time, the

15   benefit amount becomes a percentage of the employee's salary.

16         4.      Upon information and belief, the Company or STD Plan may have delegated

17   responsibility for the STD Plan and/or claim administration to Aetna Life Insurance

18   Company (hereinafter referred to as "Aetna").  Plaintiff believes that as it relates to her

19   claim, Aetna functioned as the Plan and/or Claim Administrator; however, pursuant to the

20   relevant ERISA regulation, the Company and/or STD Plan may not have made a proper

21   delegation or properly vested fiduciary authority or power for claim administration in Aetna.

22         5.      Upon information and belief, the Company or STD Plan may have also

23   operated under a structural conflict of interest in that they may have operated in dual roles as

24

25

26

2

1   the claims administrator and payor of benefits; *to wit*, if one of the aforementioned entities

2   approved Plaintiff's claim it was also then liable for payment of benefits. [1]

3         The Company or STD Plan's conflict of interest may have also led it to retain a

4   company such as Aetna to be the claims administrator in that the Company or STD Plan

5   funded the aforementioned STD benefits and would directly benefit financially if Aetna

6   administered the STD Plan's claims in a parsimonious manner.  Aetna's conflict of interest

7   exists in that if it maintained a parsimonious approach to managing the STD Plan's claims it

8   would benefit by being viewed favorably by the Company or STD Plan who would save

9   money by incurring a lower claims experience with fewer monetary contributions to pay the

10  STD Plan benefits.

11        6.     Upon information and belief, Aetna operated under a conflict of interest in

12  that it also fully insured and was the decision maker of its own Long Term Disability group

13  policy (hereinafter "LTD Policy") which it issued to and the Company purchased.   As it

14  relates to the Aetna LTD Policy, Plaintiff believes Aetna functioned as the claims

15  administrator, meaning it decided who was eligible for and entitled to benefits.

16        7.     In its role of insuring and administering the LTD Policy, Aetna operated

17  under a structural conflict of interest as it was the decision maker and payor of benefits.

18  Aetna also labored under a conflict of interest in Plaintiff's STD claim since it was the

19  decision maker in the STD claim and if it found Plaintiff was disabled throughout the STD

20

21
             

22  [1] In *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) the court held, "In Bruch, the Supreme Court instructed us to "weigh[ ]" a fiduciary's "conflict of interest" as "a 'facto[r] in determining whether there is an abuse of

23  discretion.' " 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)). *MetLife labors under such a conflict of interest: It both decides who gets benefits*

24  *and pays for them, so it has a direct financial incentive to deny claims.* See Langbein, supra, at 1321 ("The danger pervades the ERISA-plan world that a self-interested plan

25  decision maker will take advantage of its license under Bruch to line its own pockets by denying meritorious claims.")(emphasis added).

26

1  time period, Plaintiff would then have been eligible for benefits pursuant to the Aetna LTD

2  Policy. [2]

3       Specifically, Aetna's conflict existed in that if it determined Plaintiff was disabled for

4  the entire STD timeframe, Plaintiff was then eligible to file a long term disability claim

5  against Aetna's LTD Policy.  If Aetna determined Plaintiff was also disabled pursuant to its

6  LTD Policy, it would have then potentially incurred significant liability and may have been

7  required to pay Plaintiff LTD benefits for an extended period of time.

8       In denying Plaintiff's STD Plan claim, Aetna's conflict manifested in that its decision

9  precluded Plaintiff from being eligible for long term disability benefits pursuant to Aetna's

10  LTD Policy and this saved Aetna money.

11       8.    The Company, Aetna and the STD Plan conduct business within Maricopa

12  County, Arizona and all events giving rise to this Complaint occurred within Maricopa

13  County, Arizona.

14  *Venue*

15       9.    Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28

16  U.S.C. §1391.

17  *Nature of the Complaint*

18       10.    Incident to her employment, Plaintiff was a covered employee pursuant to

19  the STD Plan and the relevant long term disability Aetna LTD Policy and a "participant"

20  as defined by 29 U.S.C. §1002(7).  Plaintiff seeks disability income benefits from the STD

21

22

23  [2] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

26

4

1    Plan and the LTD Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as

2    well as any other employee benefits she may be entitled to as a result of being found

3    disabled.

4        11.    After working for the Company as a loyal employee, Plaintiff became

5    disabled due to serious medical conditions and was unable to work in her designated

6    occupation as a Customer Service & Sales Specialist I on or about August 20, 2010.

7    Plaintiff has remained disabled as that term is defined in the relevant STD Plan and Aetna

8    LTD Policy continuously since that date and has not been able to return to any occupation

9    as a result of her serious medical conditions.

10       12.    Following her disability, Plaintiff applied for STD benefits under the relevant

11   STD Plan.  The relevant STD Plan provides the following definition of disability:

12       "Under the Bank of America short-term disability benefits plan, disabled is
         defined as inability to perform his or her essential occupation functions for
13       more than seven consecutive calendar days because of a pregnancy, illness,
         injury, non-elective surgery or hospitalization up to a maximum of 26 weeks
14       from the date of his or her disability, as determined by the short-term
         disability (STD) Claims Administrator and a treating medical provider."

15

16       13.    In support of her claim for short term disability benefits, Plaintiff submitted

17   medical records to Aetna from her treating physicians which supported her allegation she

18   met the STD Plan's relevant definition of disability.

19       14.    Aetna informed Plaintiff in a letter dated September 8, 2010 it was approving

20   her claim for short term disability benefits for the period of August 27, 2010 through

21   September 6, 2010.

22       15.    Plaintiff timely appealed Aetna's decision to terminate her benefits beyond

23   September 6, 2010 and again submitted to Aetna medical records from her treating

24   physicians supporting her allegation she met the relevant definition of disability.

25

26

1    16.    As part of its review of Plaintiff's claim for short term disability benefits,

2  Aetna obtained a medical records only review "paper review" of Plaintiff's claim from

3  Randy Rummler, M.D. who is a consulting physician.  Plaintiff believes the various

4  conflicts of interests as referenced herein may have led Aetna to retain Dr. Rummler, who

5  provides medical records reviews "paper reviews" and other services to the disability

6  insurance industry which may often be unfavorable to claimants such as the Plaintiff.

7    17.    Upon information and belief, Plaintiff believes Dr. Rummler is a long time

8  consultant for the disability insurance industry.  Due to his relationship with the insurance

9  industry, Plaintiff believes Dr. Rummler has an incentive to protect his consulting

10  relationship with the industry and Aetna by providing medical review reports which

11  selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to

12  provide opinions and report(s) which are favorable to insurance companies and which

13  supported the denial of Plaintiff's claim.

14    18.    Plaintiff also believes Defendants violated ERISA, specifically 29 CFR §

15  2560.503-1(h)(3)(iii) and (h)(4), because Dr. Rummler did not have the relevant medical

16  expertise and was not the appropriate medical professional to evaluate all of her disabling

17  diagnoses and the limitations which supported her claim.  Defendants were obligated to

18  consult with a health care professional with "appropriate medical training for the medical

19  judgment" but it failed to do so which precluded a full and fair review.

20    19.    In a letter dated February 17, 2011, Aetna notified Plaintiff it had made a final

21  decision to deny her claim for continued short term disability benefits and that she had

22  exhausted her administrative remedies pursuant to ERISA.

23    20.    Upon information and belief, Aetna's February 17, 2011 denial letter

24  confirms it failed to provide a full and fair review pursuant to ERISA because it completely

25

26

6

1    failed to credit, reference, consider, and/or selectively reviewed and de-emphasized most, if

2    not all of Plaintiff's reliable evidence.

3         21.    From the time Aetna originally evaluated Plaintiff's claim for short term

4    disability benefits through the present, Plaintiff has remained unable to engage in any

5    occupation due to her medical conditions and resulting limitations.

6         22.    Upon information and belief, Aetna denied Plaintiff a lawful, full and fair

7    review pursuant to ERISA for various reasons including but not limited to: arbitrarily

8    rejecting Plaintiff's reliable evidence; failing to consider all evidence submitted by Plaintiff

9    or de-emphasizing the medical evidence supporting Plaintiff's disability and emphasizing

10   evidence which suggested an opposite conclusion, disregarding Plaintiff's self-reported

11   symptoms, failing to consider all the diagnoses and/or limitations set forth in her medical

12   evidence as well as the combination of those diagnoses and impairments and failing to

13   obtain an Independent Medical Examination when the STD Plan allowed one and Plaintiff's

14   disabling conditions could not be reasonably or fully evaluated by reviewing only her

15   medical records.

16        23.    Notwithstanding the fact Plaintiff was not represented during the appeal and

17   Aetna believed she had not provided sufficient evidence to prove her claim, Aetna failed to

18   adequately investigate her claim and failed to engage Plaintiff and/or her treating physicians

19   or examining medical professionals in a dialogue during the appeal with regard to what

20   evidence was necessary so Plaintiff could perfect her appeal and claim.  Aetna's failure to

21   adequately investigate the claim and to engage Plaintiff in this dialogue or to obtain the

22   evidence it believed was important to assist in perfecting the claim is a violation of ERISA

23   and Ninth Circuit case law and a reason she did not receive a full and fair review.

24        24.    Aetna has notified Plaintiff she has exhausted her administrative appeals as it

25   relates to her STD claim.

26

7

1    25.    In evaluating Plaintiff's claim on appeal, Aetna had an obligation pursuant to

2 ERISA to administer Plaintiff's claim "solely in her best interests and other participants"

3 which it failed to do. [3]

4    26.    Plaintiff believes one reason Aetna provided an unlawful review which was

5 neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to

6 its aforementioned conflicts of interest.  Plaintiff believes Aetna's conflict of interest is

7 evident in the fact that if it found she met the definition of short term disability in the self

8 insured STD Plan and Plaintiff exhausted those benefits, Aetna would then be confronted

9 with the potential of paying her disability benefits for many years pursuant to the LTD

10 Policy it fully insured and issued to the Company.  Due to its conflict of interest, when

11 Aetna denied Plaintiff's short term disability claim it saved itself a significant sum of

12 money.

13    27.    Plaintiff is entitled to discovery regarding the aforementioned conflict of

14 interest and any individual or company who was involved in and/or reviewed Plaintiff's

15 claim and the Court may properly weigh and consider evidence regarding the nature, extent

16 and effect of *any* conflict of interest which may have impacted or influenced the decision

17 to terminate her benefits.

18    28.    With regard to whether Plaintiff meets the definition of disability set forth in

19 the STD Plan and/or LTD Policy, the Court should review the evidence in Plaintiff's claim

20

---

21 [3] ERISA sets a special standard of care upon a plan Aetna, namely, that Aetna "discharge
[its] duties" in respect to discretionary claims processing "solely in the interests of the
22 participants and beneficiaries" of the plan.  *See* 29 U.S.C. § 1104(a)(1). ERISA
simultaneously underscores the particular importance of accurate claims processing by
23 insisting that Aetna's "provide a 'full and fair review' of claim denials." *See Firestone*,
489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA
24 also supplements marketplace and regulatory controls with judicial review of individual
claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S.
25 Ct. 2343, 2350 (2008).

26

1   *de novo,* because even if the Court concludes the STD Plan and/or LTD Policy properly

2   confers discretion to Aetna, its unlawful violations of ERISA committed during the review

3   of Plaintiff's claim as referenced herein are so flagrant they justify *de novo* review.

4          29.     As a direct result of Aetna's decision to deny Plaintiff's STD claim she has

5   been injured and suffered damages in the form of lost short and long term disability benefits

6   in addition to other potential employee benefits, including but not limited to, health

7   insurance benefits she may have been entitled to receive through or from the STD Plan

8   and/or LTD Policy and/or Company as a result of being found disabled.

9          30.     As referenced *supra*, since exhausting short term disability benefits was a pre-

10  requisite for Plaintiff to be eligible for long term disability benefits, Aetna's denial of her

11  short term disability claim precluded her eligibility for benefits pursuant to the Aetna LTD

12  Policy.  At present, but for Aetna's erroneous denial of her short term disability claim, she

13  would now be eligible for and receiving long term disability benefits.  Therefore, Plaintiff

14  also seeks a determination in this litigation that she is eligible for long term disability

15  benefits and meets the definition of disability in the Aetna LTD Policy since the evidence

16  submitted to Aetna proves she meets any definition of disability in the respective STD Plan

17  and LTD Policy as the definitions are substantially similar for the first twenty-four (24)

18  months of benefits in the LTD Policy.

19         31.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid

20  benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

21         32.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum

22  pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for

23  losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

24         WHEREFORE, Plaintiff prays for judgment as follows:

25

26

A.      For an Order finding that Plaintiff meets any definition of disability set forth in both the STD Plan and the Aetna LTD Policy; or alternatively, for an Order that she met the definition of disability throughout the relevant timeframe in the STD Plan *and* that she also meets the definition of disability set forth in the LTD Policy for the first twenty-four (24) months of disability, also known as the "own occupation" period.

For an Order requiring Defendants to pay Plaintiff disability benefits and any other employee benefits she may be entitled to as a result of being found disabled pursuant to the aforementioned STD Plan and/or LTD Policy, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits she may be entitled to from the STD Plan and/or Company as a result of being found disabled;

B.      For an Order requiring Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

C.      For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.      For such other and further relief as the Court deems just and proper.

DATED this 20th day of December, 2011.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
        Scott E. Davis
        Attorney for Plaintiff